Filed 5/29/24  P. v. Garces CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWIN DAVID GARCES,<br><br>    Defendant and Appellant. | B333551<br><br>(Los Angeles County<br>Super. Ct. No. VA148434) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

# I

In 2018, defendant and appellant Edwin David Garces vandalized a marijuana dispensary. When the owner of the dispensary and an employee confronted him, Garces pulled out a knife and attacked them, stabbing the employee nine times. A jury convicted Garces of one count each of willful, deliberate and premeditated attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), and vandalism (§ 594, subd. (a)). In addition, the jury found that Garces personally used a knife in the attempted murder (§ 12022, subd. (b)(1)), that he inflicted great bodily injury (§ 12022.7, subd. (a)) in the attempted murder and the assault, and that he committed the crimes for the benefit of a criminal street gang.[2] (§ 186.22, subd. (b)(1)(C).) The trial court sentenced Garces to 16 years to life in prison. The sentence included two enhancements for inflicting great bodily injury (§ 12022.7, subd. (a)) and one for using a knife (§ 12022, subd. (b)(1)).

In a prior opinion (*People v. Garces* (Nov. 29, 2022, B320070) [nonpub. opn.]), we affirmed Garces's conviction but we ordered a new sentencing hearing in light of Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721), which amended section 1385 to provide new guidelines for trial courts in

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[2] The court vacated the jury's finding on the gang enhancements in light of Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699), which became effective after Garces's trial and which created new, more stringent substantive and procedural requirements for gang enhancements.

imposing sentence enhancements.[3]  Under the law as revised, the
court must consider several potential mitigating factors before
imposing a sentence enhancement.  In particular, the law
provides that if "application of an enhancement could result in a
sentence of over 20 years[,] . . . the enhancement shall be
dismissed."  (§ 1385, subd. (c)(2)(C).)  Because this "change[ ] in
the law . . . allow[s] for a possibility of reduced punishment"
(*People v. Sek* (2022) 74 Cal.App.5th 657, 666), we held that it
applies retroactively to defendants like Garces whose convictions
were not yet final when the law became effective.[4]

Despite the use of the term "shall" in section 1385,
subdivision (c)(2)(C), which "in a statute is generally mandatory,
not permissive" (*People v. Anderson* (2023) 88 Cal.App.5th 233,
239, review granted Apr. 19, 2023, S278786), every court to
consider the meaning of this subdivision, upon examining the
statutory framework, as well as the legislative history of Senate
Bill No. 81, has concluded "that a trial court is not required to
dismiss . . . an enhancement that could result in a sentence of
more than 20 years, but rather that the trial court has discretion

---

[3] The Legislature subsequently enacted Assembly Bill
No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58, § 15), which
amended section 1385 to correct a clerical error introduced by
Senate Bill No. 81.

[4] Another provision of the newly amended section 1385 also
applies to this case.  Under section 1385, subdivision (c)(2)(B),
courts must consider striking enhancements where "[m]ultiple
enhancements are alleged in a single case."  Although we cited
only subdivision (c)(2)(C) when we remanded the case for a new
sentencing hearing, the trial court correctly considered
subdivision (c)(2)(B) as an additional potential ground for
reducing Garces's sentence.

in deciding whether to do so." (*Id.* at p. 241, fn. omitted; accord, *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1284-1289; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295-297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-21.)

In our prior opinion, we also considered Garces's request to correct a discrepancy between the trial court's oral sentencing order and the corresponding minute order regarding the payment of interest on victim restitution. We noted that under section 1202.4, subdivision (f)(3)(G), a restitution "order must fully reimburse the victim for every economic loss caused by the defendant's criminal conduct, including 10 percent interest as of the date of the loss" (*People v. Wickham* (2013) 222 Cal.App.4th 232, 238, italics omitted), and we left the issue for the trial court to address at the new sentencing hearing.

Upon remand, Garces requested that the trial court dismiss the enhancements, stay the sentence for assault with a deadly weapon, and impose a sentence of seven years to life for attempted murder. The trial court declined to exercise its discretion to strike any enhancements on the ground that to do so would endanger public safety, and imposed the same sentence of 16 years to life as at the original sentencing hearing. In addition, the court ordered Garces to pay 10 percent interest on the award of victim restitution, as required by statute (see § 1202.4, subd. (f)(3)(G)), and ordered that the abstract of judgment reflect the imposition of interest.

## II

Garces now appeals from the resentencing hearing. On March 12, 2024, the attorney appointed to represent Garces on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no issues. When an attorney files such a brief, we are

required to allow the defendant an opportunity to file a supplemental brief (*id.* at p. 439), and we must "conduct a review of the entire record" (*id.* at p. 441). Garces's attorney stated that he had provided Garces with a copy of the record and the brief and informed him that he had the right to file a supplemental brief within 30 days. On March 14, 2024, we sent Garces a letter with the same information. We received no response.

We have examined the entire record and we have "found no arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) We are satisfied Garcia's attorney has complied with the responsibilities of counsel (*id.* at pp. 125-126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442), and we affirm the judgment.

## DISPOSITION

The trial court's judgment is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

CHANEY, J.

BENDIX, Acting P. J.

5